# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| RAQUEL BYRD, ) | |
| ) | |
| Plaintiff, ) | CASE NO. _____ |
| ) | |
| v. ) | |
| ) | JURY TRIAL REQUESTED |
| CRACKER BARREL OLD ) | |
| COUNTRY STORE, INC. d/b/a ) | |
| CRACKER BARREL OLD ) | |
| COUNTRY STORE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Raquel Byrd ("Plaintiff" or "Ms. Byrd"), by and through the undersigned counsel of record, to hereby file this Complaint against Cracker Barrel Old Country Store, Inc. ("Defendant" or "Cracker Barrel") as follows:

### I. JURISDICTION & VENUE

1. Ms. Byrd files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 as an action arising under the laws of the Unites States of America, 42 U.S.C. § 2000(e) *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by 42 U.S.C. § 2000e(k) the Pregnancy Discrimination Act of 1978 ("the Pregnancy Discrimination

1

Act") as well as 29 USC §2601 *et seq.*, the Family and Medical Leave Act of 1993 ("FMLA").

2. Ms. Byrd filed a charge of gender discrimination and pregnancy discrimination with the U.S. Equal Employment Opportunity Commission in Atlanta, Georgia, on February 11, 2021. Ms. Byrd received a right to sue on August 16, 2021, giving Ms. Byrd the right to pursue this claim in federal court within ninety (90) days after her receipt of the letter. (Exhibit A).

3. Venue is proper in the Atlanta Division of the Northern District of Georgia, since the alleged discriminatory actions of Defendant occurred in Clayton County, Georgia.

4. The Defendant may be served through its registered agent at The Corporation Company, 106 Colony Park Drive, Ste. 800-B, Cumming, GA 30040-2794.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Decatur, Georgia. Ms. Byrd is over the age of eighteen (18) years old.

6. Defendant owns and operates a store located in Clayton County, Georgia. At all times relevant to this complaint, Plaintiff was employed by Defendant.

## III.  STATEMENT OF FACTS

7. On or about December 13, 2009, Ms. Byrd became employed as a retail associate at Cracker Barrel's Morrow, Georgia location.  During her employment, Ms. Byrd worked approximately thirty (30) hours per week as an hourly employee.

8. In December 2020, Ms. Byrd informed her manager that she would be taking maternity leave.  Ms. Byrd was an eligible employee entitled to protected leave under the FMLA, having worked for Cracker Barrel for at least twelve (12) months and having at least 1,250 hours of service for Cracker Barrel during the twelve (12) month period immediately preceding her requested leave.

9. On or about January 22, 2021, Ms. Byrd filled out Cracker Barrel's "Maternity Leave of Absence Form," where she stated she expected to take maternity leave from February 11, 2021, through on or about May 21, 2021.

10. After completing her leave request, Ms. Byrd's leave time was documented on the office work calendar.

11. On January 30, 2021, Ms. Byrd received notice that she had been terminated by Cracker Barrel. [In the termination notice, Cracker Barrel acknowledged Ms. Byrd's request for leave, commenting "maternity leave … employee will return a[ft]er giving birth and is rehireable."  (See Exhibit B.)

3

12. During her employment, Ms. Byrd had a record of being an exemplary employee and was informed by her manager that she was one of the best retail associates at the store. In addition, Ms. Byrd had never been disciplined and had never received a negative performance evaluation.

13. When Ms. Byrd attempted to get an explanation for her termination, she was informed that a manager entered her termination in the system and it could not be reversed.

14. Cracker Barrel provides leave to other employees who are sick or have temporary disabilities, but it failed to provide Ms. Byrd maternity leave and illegally terminated Ms. Byrd's employment in violation of Title VII and the Pregnancy Discrimination Act.

15. Any other reason proffered by Cracker Barrel for Ms. Byrd's termination is pretextual.

16. As a result of her termination, Ms. Byrd has lost income and benefits and suffered mental and emotional distress. Ms. Byrd has also incurred costs and attorneys' fees to pursue this matter.

## IV.  PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE – PREGNANCY DISCRIMINATION

17. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16 above, the same as if more fully set forth herein.

18. Defendant terminated Ms. Byrd's employment because of her pregnancy; as such, Defendant is in violation of the Pregnancy Discrimination Act.

19. Ms. Byrd's pregnancy was a motivating factor in Defendant's decision to terminate her employment; as such, Defendant is in violation of the Pregnancy Discrimination Act.

20. A convincing mosaic of circumstantial evidence exists showing that Defendant discriminated against Plaintiff on the basis of her pregnancy.

### COUNT TWO – GENDER DISCRIMINATION

21. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16 above, the same as if more fully set forth herein.

22. Defendant terminated Ms. Byrd's employment because of her gender; as such, Defendant is in violation of Title VII.

23. Ms. Byrd's gender was a motivating factor in Defendant's decision to terminate her employment; as such, Defendant is in violation of Title VII.

24. A convincing mosaic of circumstantial evidence exists showing that Defendant discriminated against Plaintiff on the basis of her gender; as such, Defendant is in violation of Title VII.

### COUNT THREE – TITLE VII AND/OR PREGNANCY DISCRIMINATION ACT RETALIATION

25. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16 above, the same as if more fully set forth herein.

26. Defendant terminated Ms. Byrd's employment in retaliation for engaging in protected activity; as such, Defendant is in violation of Title VII and/or the Pregnancy Discrimination Act.

27. Ms. Byrd's protected activity was a motivating factor in Defendant's decision to terminate her employment; as such, Defendant is in violation of Title VII and/or the Pregnancy Discrimination Act.

28. A convincing mosaic of circumstantial evidence exists showing that Defendant retaliated against Plaintiff for participating in protected activity; as such, Defendant is in violation of Title VII and/or the Pregnancy Discrimination Act.

### COUNT FOUR – FMLA INTERFERENCE

29. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16 above, the same as if more fully set forth herein.

30. Plaintiff was pre-eligible for FMLA leave prior to her termination, as a result of her pregnancy.

31. Defendant was on notice of Plaintiff's eligibility for FMLA leave when she advised Defendant that she was pregnant and would need future leave.

32. Defendant terminated Plaintiff from employment in order to avoid having to accommodate her with rightful FMLA leave rights.

33. Defendant's termination of Plaintiff's employment resulted in denial of benefits she would have been entitled to receive under the FMLA; accordingly, Defendant has interfered with Plaintiff's rights under the FMLA in violation of the FMLA.

### COUNT FIVE – FMLA RETALIATION

34. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16 above, the same as if more fully set forth herein.

35. Plaintiff was eligible for FMLA leave prior to her termination.

36. Plaintiff was entitled to FMLA leave prior to her termination.

37. Prior to her termination, Plaintiff engaged in the FMLA-protected activity of requesting pregnancy leave, also known as or considered to be FMLA leave.

38. On January 24, 2021, Ms. Byrd received notice that she had been terminated by Cracker Barrel.

39. Defendant terminated Plaintiff's employment because she engaged in FMLA-protected activity (i.e., requesting pregnancy leave, also known as or considered to be FMLA leave).

40. Defendant's retaliatory termination of Plaintiff's employment for engaging in FMLA-protected activity is a violation of the FMLA.

## **PRAYER FOR RELIEF**

**WHEREFORE,** based on the above-stated claims, Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Ms. Byrd in violation of Title VII and/or the Pregnancy Discrimination Act;

b) Judgment declaring that Defendant interfered with Plaintiff's rights under the FMLA in violation of the FMLA;

c) An award of back pay;

d) Restoration of benefits or the value thereof;

e) Compensatory damages, including but not limited to emotional distress, embarrassment, and mental anguish;

f) Liquidated damages;

g) Equitable relief;

h) Punitive damages;

i) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

j) Pre-judgment and post-judgment interest at the highest lawful rate; and

k) Further relief as the Court may deem appropriate and necessary.

## V. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this the 6th day of October, 2021.

    HKM Employment Attorneys LLP

    *s/Chase Estes*
    Chase Estes[1]
    Jermaine "Jay" Walker
    3355 Lenox Rd. NE
    Suite 705
    Atlanta, GA 30326
    cestes@hkm.com
    205-855-5284
    jwalker@hkm.com
    404-301-4020

---

[1] Chase Estes ("Estes") will promptly file for admission *pro hac vice* as an attorney of record in this action this same day. Estes is licensed in the state of Alabama.